## Case No. 15,181.

### UNITED STATES v. GALACAR.

[1 Spr. 545.] 1

District Court, D. Massachusetts. October, 1852.

SHIPPING REGULATIONS — REPORTING ARRIVAL — BURDEN OF PROOF.

1. The report required by St. 1790, c. 35, § 16 [1 Stat. 158], to be made by a master, of the arrival of his vessel. must be made at the office of the chief officer of the customs.

2. A report to an inspector, on board of the vessel, and in a shop on shore. is not a compliance with the statute.

3. In a prosecution for not making the requisite report. the burden is upon the government, to prove that it was not made at the proper office.

This was a libel of information, filed by the district attorney of the United States, to enforce the payment of a penalty of $1.000 by the master of the brig Baltic, for an alleged violation of the act of 1790 (chapter 35. § 16), which enacts:—"That within twenty-four hours after the arrival of any ship or vessel, from any port or place, at any port of the United States established by law, at which an officer of the customs resides, or within any harbor, inlet, or creek thereof, if the hours of business at the office of the chief officer of the customs at such port will permit, or as soon thereafter as the said hours will permit, the master or other person. having the charge or command of such ship or vessel, shall repair to the said office, and shall make report to the said chief officer of the arrival of the said ship or vessel." The only witness was the inspector, who testified that the vessel put into Edgartown on a Friday afternoon, and sailed early Monday morning, and that, in the course of Friday afternoon, he examined and certified the papers on board of the vessel, and again in a shop where he accidentally met the defendant, and that the defendant did not make a report at the custom house. or go there at all. But it appeared, on cross-examination. that the witness was employed in boarding vessels nearly all of the two days the brig lay there. and was not himself at the custom house, if at all, more than a few minutes. and that the defendant landed with his papers. The defence was rested on the ground that, by not summoning the collector. who alone had personal knowledge whether the report was made. (it being a verbal report.) the government had failed to introduce satisfactory testimony of any default of the defendant; who must be presumed to have done his duty.

G. Lunt, U. S. Dist. Atty.

R. H. Dana. Jr., for defendant.

SPRAGUE, District Judge (charging jury). It is the duty of the master, not merely to

---

1 [Reported by F. E. Parker. Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

report his vessel within the time specified, but to report her at the office of the chief officer of the customs. ·His report may be verbal, and only of the fact of the arrival of the vessel, a fuller report being required after forty-eight hours. The duty of the inspector was to board all vessels, examine the manifests and certify them, which duty was performed, in this case on board of the vessel, and at a shop on shore. This was not a report answering the requirement of the statute. The only question for the jury is, whether the defendant did report his vessel, within the specified time, at the office of the collector. The burden is on the government to satisfy the jury that he did not so make a report.

Verdict of not guilty.