## POLLOCK *v.* THE STEAM-BOAT SEA BIRD, etc.

*(District Court, S. D. New York. August 31, 1880.)*

1. **OVERCROWDING STEAMER—PENALTY—LIBEL—REV. ST. § 4465.**—Section 4465 of the Revised Statutes provides that "it shall not be lawful to take on board of any steamer a greater number of passengers than is stated in the certificate of inspection, and for every violation of this provision the master or owner shall be liable, to any person suing for the same, to forfeit the amount of passage money, and $10 for each passenger beyond the number allowed." *Held*, that the United States was not a necessary party to a suit instituted under this statute.

2. **SAME—SAME—SAME—SAME.**—*Held*, further, that the libel need not allege that the libellant was a passenger on such steamer.

3. **SAME—SAME—SAME—SAME.**—*Held*, further, that the libel need not allege that the libellant was an informer, or that he sued as an informer, nor set out the names of the passengers taken on board.

4. **SAME—SAME—SAME—SAME.**—*Held*, further, that the statute gives a separate penalty for every violation of the act.

5. **SAME—SAME—LIEN — ADMIRALTY JURISDICTION—REV. ST. § 4469.**—Section 4469 of the Revised Statutes provides that the penalty imposed by section 4465 "shall be a lien upon the vessel in each case, but a bond may, as provided in other cases, be given to secure the satisfaction of the judgment." *Held*, that this language gave a direct remedy against the vessel in admiralty for the recovery of the penalty.

   *The Missouri*, 3 Ben. 508; 9 Blatchf. 433.
   *The Queen*, 4 Ben. 237; 11 Blatchf. 416.

6. **SAME — LIEN — ADMIRALTY JURISDICTION. — REV. ST. § 4469. —** *Held*, further, that any court, within whose territorial jurisdiction the vessel might be at the time of the commencement of the suit and the attachment of the vessel by the marshal, had jurisdiction of the cause.

*H. G. Atwater*, for libellant.

*D. McMahon* and *Turner, Lee & McClure*, for claimant.

CHOATE, D. J.   This libellant has filed his libel in admiralty against the steam-boat Sea Bird to recover penalties alleged to have been incurred under Rev. St. § 4465, which provides that "it shall not bo lawful to take on board of any steamer a greater number of passengers than is stated in the certificate of inspection, and for every violation of this provision the master or owner shall be liable to any person suing for the same to forfeit the amount of passage money and $10 for each passenger beyond the number allowed." Section 4469 provides that the penalty imposed by section 4465 "shall be a lien upon the vessel in each case, but a bond may, as provided in other cases, be given to secure the satisfaction of the judgment." The libellant sues to recover for an alleged excess of 371 passengers taken on board at the City of New York, on the eleventh of July, bound to Highlands, in the state of New Jersey, and also for an alleged excess of 237 passengers on the same day, on a trip from Sandy Hook to Bay Ridge, in the state of New York.

1. The first ground of exception urged is that the suit should be in the name of the United States, and that it should be commenced and prosecuted by the district attorney. No authority is cited which sustains this exception. The statute does not give the penalty to the United States, and therefore I see no occasion for making the United States a party. It is argued that the secretary of the treasury has power to remit the penalty. If this is so, the remission will have its proper and legitimate effect, and if made after answer, and before trial, may be set up by way of defence by supplemental answer. Without examining the question of the power of the secretary to remit it, such power, if it exists, would not make the United States a party in interest, and the rule in admiralty is that the party in interest should sue.

2. Exception is also taken that the statute does not give a remedy by a libel in admiralty against the vessel, but only a personal action against the owner or master, with a power in the court to enforce any judgment recovered in such action against the vessel. The language of the statute is that the penalty shall be a *lien* on the vessel, and I do not think the

case can be successfully distinguished from the cases of *The Missouri* and *The Queen,* where language substantially similar was held to give a direct remedy against the vessel in admiralty for the recovery of the penalty. *The Missouri,* 3 Ben. 508; 9 Blatchf. 433; *The Queen,* 4 Ben. 237; 11 Blatchf. 416.

3. Exception is also taken because it is not alleged that the libellant was a passenger. This exception rests upon the assumption that the statute gives the penalty of $10 and his passage money to each of the passengers carried in excess of the lawful number. Such is certainly not the obvious reading of the statute. It does not say "to any passenger," but "to any person suing for the same;" a very common expression, and not one in itself requiring construction on account of any ambiguity of the term used. Nor is there anything in the policy of the law, or in the context, requiring the construction suggested by the claimant, which is that each passenger above the lawful number may recover his passage money and $10.

The passengers taken on board in excess of the lawful number are, it would seem, no more entitled to indemnity or remuneration, or subjected to any greater risk, than those first taken on board up to the lawful number. Indeed, of the two classes of passengers the latter may more justly complain of the wrong inflicted by the overcrowding, for they were lawfully taken on board, and the overcrowding was involuntary, so far as they are concerned. There is, therefore, no reason for doing violence to the language used for the purpose of discriminating in favor of the passengers illegally taken on board. The proposed construction would also effectually take from the statute all beneficial operation, by way of deterring the steam-boat owners from violating this most salutory law, since the remedy given would be of so trifling value to any one person that it would never be worth prosecuting.

Section 4499, which provides that "if any vessel, propelled wholly or in part by steam, be navigated without complying with the terms of this title, the owner shall be liable to the United States in a penalty of $500 for each offence, one-half for the use of the informer, for which sum the vessel so navi-

gated shall.be liable," does not seem to impose a penalty for taking an excessive number of passengers, under section 4465, but for a violation of those provisions of the title imposing conditions concerning the equipment, etc., of the vessel prior to its entering on its proposed navigation. Section 4499 is a re-enactment of the Statutes of 1871, c. 100, § 1; and a similar section in the prior act of 1852, (chapter 106, § 1,) was thus construed. *The Science*, 2 Pittsb. 446. I think, therefore, that section 4499 does not affect the present question.

4. The further exceptions, that the libel does not allege that the libellant is the informer, or that he sues as informer, or that the passengers taken on board are not named, have no merit.

5. The exception taken that the libel claims more than one penalty is not well taken, because the statute clearly gives a separate penalty for every violation of the act; nor is there any force in the suggestion that the only penalty given for all the passengers illegally taken on board is a single sum of $10, and the passage money of the extra passengers. This is in plain contradiction of the language used, which measures the penalty by the number of extra passengers, making it equal to a sum of $10 for each one, and the passage money. The cases cited to support this exception are cases under statutes having no such terms as this is framed in.

6. The point made that this court has no jurisdiction as to the second claim made, because the passengers are alleged to have been taken on board at or near Sandy Hook, in the state of New Jersey, is not well taken, because, as the statute gives a lien enforceable in the admiralty, and is not, in its terms, restrictive as to the court that may entertain jurisdiction, any court within whose territorial jurisdiction the vessel may be at the time of the commencement of the suit, and the attachment of the vessel by the marshal, has jurisdiction of the cause.

The other grounds of exception are not well taken. They do not appear to require special comment.

Exceptions overruled, with leave to answer within one week.