## THE PAOLINA S.

(*Circuit Court, S. D. New York.* September 30, 1880.)

1. SHIPPING—MASTER OF VESSEL—NEGLECT TO REPORT ON ARRIVAL—PENALTY.
     The jurisdiction of a court of admiralty to enforce a lien for the penalty, on failure of a vessel arriving from a foreign port to notify of its arrival or enter the manifest required by law, does not depend upon a seizure of the vessel before libel brought.

2. TRIAL.
     In such case a trial by jury is not necessary.

In Admiralty.

*A. W. Tenney,* Dist. Atty., and *F. W. Angel,* Asst. Dist. Atty., for the United States.

*F. A. Wilcox,* for claimant.

BLATCHFORD, C. J. The libel in this case was filed in the district court on the second of February, 1871, by the United States, to recover a penalty of $1,000 for a breach of a revenue law. It is a suit against the vessel alone. It alleges that the vessel was seized on the thirtieth of January, 1871, by the collector of the port of New York, "as subject to a lien and holden to the United States for the payment of a penalty" of $1,000 due to the United States from the master of the vessel. The substance of the libel is that the vessel, on the eighteenth of January, 1871, arrived at the port of New York from a foreign port, and that her master did not, within 24 hours after she so arrived, make report of her arrival to the chief officer of the customs at the port of New York, and did not, within 48 hours after such arrival, make a further report in writing to the collector of the district in the form and containing all the particulars required to be inserted in a manifest, in violation of section 30 of the act of March 2, 1799, (1 St. at Large, 649.) That section provides that

every master who shall neglect to make either of such reports shall, for each offence, be liable to a penalty of $1,000.

By section 8 of the act of July 18, 1866, (14 St. at Large, 180,) it is provided that where a vessel, or her owner or master, shall be subject to a penalty for a violation of the revenue laws of the United States, such vessel shall be holden for the payment of such penalty, and may be seized and proceeded against summarily by libel, to recover such penalty, in any district court of the United States having jurisdiction of the offence. The libel alleges that the master became liable to pay the United States the sum of $1,000 penalty for such omission, and that the vessel became liable for the payment of such penalty. It prays that the payment of the penalty may be decreed; that the vessel may be condemned and sold to pay it; that there may be a decree against the vessel for the $1,000 as a lien thereon; and that the vessel may be condemned for the same, and sold to satisfy said lien and to pay said penalty. The answer denies all the statements of the libel. It also excepts to the libel because (1) it does not set forth a cause of action; (2) it does not allege that the master or owners of the vessel have been sued or prosecuted or made liable for the cause stated; (3) that the libel claims for a penalty, and the same can only be reached in an action triable by jury; (4) that the admiralty has no jurisdiction to enforce the penalty claimed; (5) that the admiralty cannot enforce the penalty claimed without the verdict of a jury. The case was tried before the district court, on proofs, and it decreed that the United States recover $1,000 and costs, and that the vessel be condemned therefor. The claimant appealed from the decree.

1. It is contended, for the claimant, that the proofs show that the reports required were made in due time. The report of the arrival required by statute is the same thing as the entry of the vessel. Section 29 speaks of "report or entry." There is no other entry than the report required by section 30. The further report is to be like a manifest. The particulars to be set forth in a manifest are prescribed in section 23 of the act. The secretary of the treasury has the right to prescribe binding regulations respecting entries and reports. The clerk of the entrance and clearance bureau in the naval department of the custom-house refused to receive the report of arrival which the vessel made on the eighteenth of January, because she had not paid her tonnage duties, and because the manifest (by which is understood the further report) was not regularly stamped.

Tonnage duties are required by statute to be paid on vessels which shall be "entered." The regulation requires them to be paid at the time of the entry of the vessel, to complete the entry. This is a proper and binding regulation. So is the regulation in regard to the stamping. The vessel made no proper entry or report until long after the time prescribed by statute.

2. There is sufficient evidence that the vessel arrived from a foreign port; that she arrived at the port of New York; and that she arrived January 18, 1871.

3. The material question in the case is as to whether there should have been a seizure of the vessel before suit was brought. Such a seizure is alleged in the libel, but none is proved. It is contended that such a seizure was necessary in order to give jurisdiction to the court. The language of section 8 of the act of 1866 is that the "vessel shall be holden for the payment of such penalty, and may be seized and proceeded against summarily by libel in any district court of the United States having jurisdiction of the offence."

In the case of *The Missouri*, 3 Ben. 508, this provision was directly construed by Judge Benedict, in the district court for the eastern district of New York, in November, 1869, and it was held that the statute did not make necessary a seizure before bringing suit. The view taken was that the statute did not forfeit the vessel, but charged it with the penalty; that the charge amounted to a lien; that a seizure before suit applied only to forfeited property, where, by operation of law, the title to it was changed, the seizure being an assertion of title; and that the seizure of the statute did not refer to a revenue seizure, but to a seizure by the marshal, under the process of the court, to enforce the lien. This conclusion was concurred in by Judge Woodruff, holding the circuit court, on appeal, in February, 1872. 9 Blatchf. 433.

In the case of *The Tug May*, 5 Biss. 449, a statute was under consideration which provided a penalty against the owner of a steam-vessel, and further provided that for the amount the vessel should "be liable," and might "be seized and proceeded against by way of libel." The district court for the eastern district of Wisconsin, in October, 1873, held that a seizure was necessary before bringing suit. This decision was affirmed by the circuit court, on appeal, in November, 1874. 6 Biss. 243.

In neither court do the decisions in the case of *The Missouri* appear to have been cited. Judge Drummond, in the circuit court, says that he has, after some hesitation, come to the conclusion that the vessel

must be seized before the libel is filed; that the objection is technical; that his own judgment is opposed to sustaining it; but that he thinks that the decisions of the supreme court have substantially held that, in such a case, there should be, before the libel is filed, a seizure made by the proper officer.    He does not state to what decisions he refers. He regards rule 22 in admiralty as applicable to the case, and as requiring a seizure before the libel is filed.    That rule, however, when read as a whole, applies only to cases of forfeiture, and of a libel to enforce a forfeiture, where it is claimed that a change of title has taken place, and not to cases of mere liens.    The view of Judge Drummond is that there is no jurisdiction without a seizure before the libel is filed.

But the argument in favor of the jurisdiction of a court of admirality to enforce such a lien as the one in the present case without a prior seizure, as set forth by Judge Benedict, in his decision in the case of *The Missouri,* is convincing on the question.    That view must have been concurred in by Judge Woodruff, in the circuit court, in the same case, or he would not have affirmed the decree below.

4. The exception that the libel does not set forth a cause of action is not tenable.

5. The exception that the libel does not allege that the master or owners of the vessel have been sued or prosecuted or made liable, for the cause stated, is overruled, on the authority of *The Missouri, supra,* and of *The Queen,* 4 Ben. 237, and 11 Blatchf. 416.

6. The case of *The Queen* is authority, also, for holding that no trial by a jury is necessary.

There must be a decree for the libellant for $1,000, and for its costs in the district court, $70.20, and for its costs in this court, to be taxed.

See *U. S.* v. *Webber,* 1 Gall. 392; *U. S.* v. *Galacar,* 1 Spr. 545; *U. S.* v. *Randall,* Id. 546.