## THE LAURA M. STARIN.

### (District Court, E. D. New York.)

1. PENALTY—OVERCROWDING PASSENGERS—REV. ST. § 4465.

    In an action for the penalty, under this section of the Revised Statutes, the United States is not a necessary party.

2. SAME—SEPARATE PENALTIES.

    The statute gives a separate penalty for every violation of the act.

3. SAME—LIBEL.

    The libel need not allege that the libellant was a passenger, or that he was an informer, or that he sued as such; nor need it set out the names of the passengers taken on board.

This was a suit, brought under section 4465 of the Revised Statutes, to recover the penalty for violation of law in overcrowding passengers on steamers.*

*H. G. Atwater*, for libellant.

*P. Cantine*, for respondent.

BENEDICT, D. J. All the questions raised by the exceptions to the libel in this case, unless it be that as to the constitutionality of the

---

*THE ARCTIC.

### (District Court, N. D. Ohio.)

Libel for penalty for overcrowding passengers, in violation of the statute. Exceptions to libel, reaching question of jurisdiction.

*Mix, Noble & White*, for libellant.

*George Willey*, for claimant.

WELKER, D. J. *Held*, (1) That proceedings *in rem* may be maintained in the district court for the penalty provided by section 4465, Revised Statutes of the United States, for taking on board a steamer a greater number of passengers than stated in the certificate of inspection. (2) That section 4469 of the Revised Statutes having provided that the penalty imposed by section 4465 shall be a lien upon the vessel, and authorizing a bond to be given to secure the judgment as in other cases, the proper way to enforce the lien is by proceedings *in rem* against the vessel. Exceptions overruled.

statute under which the libel is filed,—if such a question can be said to be fairly raised by any of these exceptions as framed,—appear to have been passed on by Judge Choate in the case of *The Sea Bird*, 3 FED. REP. 573. I agree with Judge Choate in his conclusions.

The question as to the constitutionality of the act is one that can be better passed on at the final hearing, and its consideration will therefore be reserved until that time.

All the exceptions are therefore overruled, and leave to answer given the claimant.

NOTE. The statute gives a separate penalty for every violation of the act, (*Pollock* v. *The Sea Bird*, 3 FED. REP. 573,) and a direct remedy in admiralty against the vessel for the recovery of the penalty, (*Pollock* v. *The Sea Bird*, 3 FED. REP. 573; citing *The Missouri*, 3 Ben. 508; S. C. 9 Blatchf. 433; *The Queen*, 4 Ben. 237; S. C. 11 Blatchf. 416;) and any admiralty court in which the vessel may be has jurisdiction. *Pollock* v. *The Sea Bird*, 3 FED. REP. 573. The object of the act is to protect the health and lives of passengers from becoming a prey to the avarice of ship-owners. *U. S.* v. *The Neurea*, 19 How. 94. An attachment of the vessel before filing the libel is not necessary; nor is the lien divested by a sale to a *bona fide* purchaser. *Hatch* v. *The Boston*, 3 FED. REP. 807. The United States is not a necessary party to suits under section 4465, Rev. St., prescribing a penalty for carrying an excess of passengers. *Pollock* v. *The Sea Bird*, 3 FED. REP. 573; *Hatch* v. *The Boston*, Id. 807. The libel need not allege that the libellant was a passenger on such steamer, or that he was an informer, or that he sued as such; nor need it set out the names of the passengers. *Pollock* v. *The Sea Bird*, 3 FED. REP. 573. It is sufficient if it sets forth the offence in the words of the statute which creates it, with sufficient certainty as to the time and place of its commission. *U. S.* v. *The Neurea*, 19 How. 94. In estimating the number of passengers on a steamer no deduction is to be made for children or persons not paying, but those employed in managing the vessel are not to be included; and in estimating the tonnage the measurement of the custom-house at the port of arrival is to be taken. *The Louisa Barbara*, Gilp. 332. An oral permission to carry an excess of passengers is not admissible as a defence. *Pollock* v. *The Laura*, 5 FED. REP. 133. Nor will the bringing of an action of debt against the master and owners of the boat, and prosecuting the same to judgment, release the lien given by section 4469, Rev. St. *Hatch* v. *The Boston*, 3 FED. REP. 807.—[ED.