## MONTGOMERY v. McDERMOTT et al.

(Circuit Court, S. D. New York. May 9, 1898.)

**1. Res Adjudicata—Federal and State Courts.**

The decision in an interpleader suit in a state court, that no lien was obtained by a certain attachment levy, is binding upon the federal court to which the original attachment suit has been removed.

**2. Attachment—Title to Attached Property.**

A federal court does not, by virtue of an attachment levy, draw to itself the question of the title of the attached property, so as to prevent the state

courts from deciding such question in a suit subsequently brought for that purpose.

Stephen H. Olin, for complainant.
E. Clifford Perkins, for defendants.

WALLACE, Circuit Judge. To the bill of complaint filed in aid of an attachment obtained in a suit at law the defendants Perkins and Fowler have interposed a plea of res adjudicata. The plea is directed to so much of the bill as alleges that the complainant obtained a lien by the attachment upon the fund which the bill seeks to reach. The case presented is substantially this: The complainant, as plaintiff in an action at law in assumpsit brought against one McHenry, caused a warrant of attachment to be issued in the action against the property of McHenry. The writ was levied upon certain certificates representing the beneficial interests of the holders thereof in a trust fund of which Perkins and Fowler were trustees. The action, originally brought in a state court, was removed to the United States circuit court. Subsequently, and while that action was pending, Perkins and Fowler, trustees, brought in a court of the state of New York an action of interpleader, making the complainant and certain persons who claimed to be owners of the certificates defendants therein. The trustees alleged in the interpleader action that the several defendants therein were rival claimants to the fund represented by the certificates; the present complainant by virtue of the attachment against McHenry, and the other defendants by transfer of the certificates to them from McHenry prior to the levying of the attachment. Relief was prayed that the controversy as to the rights of the several defendants to the fund be settled, and that, upon payment to such defendant as might be adjudged entitled thereto, the trustees be discharged from any further liability. The action was heard upon issues of law raised by demurrer. The court decided that the defendant, the present complainant, acquired no lien upon the fund by the levying of his attachment. The judgment is pleaded as res adjudicata upon that issue.

Contrary to the impression entertained upon the argument of the cause, I am of the opinion that the plea of res adjudicata is good. In the interpleader suit the state court had jurisdiction of the parties and of the subject-matter of the controversy. One of the issues litigated was whether the present complainant acquired any lien under his attachment upon the fund in controversy. Unless he did, the trustees could not maintain their action. It was essential for them in that action to make it appear that there was a real controversy between the rival claimants to the fund. They sought to do this by setting forth the facts upon which the respective rights of the claimants were based. Those upon which they alleged the rights of the present complainant to be based were precisely those upon which in the present action the complainant bases his right. The state court decided in the interpleader action that these facts did not give the complainant any lien. Whether this was well decided or not is a question which cannot be relitigated in another action between the trustees and the complainant.

It is objected that the state court was not competent to entertain the question whether the complainant acquired any lien under his attachment, because that was a question exclusively for the determination of the United States circuit court, which was in legal custody of the fund, notwithstanding the trustees were in the actual possession. If the attached fund had been the res, the title to which was to be adjudicated in the action in the United States circuit court, brought under the dominion of that court for that purpose, the jurisdiction of that court would have been exclusive, and any subsequent proceeding against the fund in a state court, involving its control and disposition, would have been nugatory and void. The general principle is stated in Covell v. Heyman, 111 U. S. 182, 4 Sup. Ct. 355, as follows:

"These courts do not belong to the same system, so far as their jurisdiction is concurrent; and, although they co-exist in the same space, they are independent, and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane; and, when one takes into its jurisdiction a specific thing, that res is as much withdrawn from the judicial power of the other as if it had been carried physically into a different territorial sovereignty. To attempt to seize it by a foreign process is futile and void. The regulation of process, and the decisions of questions relating to it, are part of the jurisdiction of the court from which it issues."

These principles were applied in this court in Bank v. Hazzard, 49 Fed. 293, and they have been more recently considered by the supreme court of the United States in Moran v. Sturges, 154 U. S. 256, 14 Sup. Ct. 1019, and in Bank v. Stevens, 169 U. S. 432, 18 Sup. Ct. 403.

But the action in the United States circuit court was not one in which the title to the attached fund was in litigation. It was decided in Buck v. Colbath, 3 Wall. 334, that an action of trespass could be maintained in a state court against the marshal of a federal court who had seized the plaintiff's property upon an attachment against the property of the person named in the writ, notwithstanding the possession of the marshal was the possession of the federal court; and that judgment was quoted with approval in Covell v. Heyman, and has been in many subsequent judgments of the supreme court. The principle of that decision was that the suit in the federal court did not draw to it the question of title to the attached property, and the action in the state court did not disturb the possession of the federal court. The court said:

"The federal court could proceed to render its judgment in the attachment suit, could sell and deliver the property attached, and have its execution satisfied, without any disturbance of its proceedings or any contempt of its process, while at the same time the state court could proceed to determine the questions before it involved in the suit against the marshal, without interfering with the possession of the property in dispute."

Upon the same principle the action could have been maintained against the party who directed the marshal to levy the attachment.

In the present case the jurisdiction of the state court was not invoked to disturb the custody of the fund by the United States circuit court. It was invoked to try the title to the attached property, at

least sufficiently to relieve the trustees, who were in actual possession, from liability to the rival claimants of the fund.

The plea is allowed.

The second plea which has been filed by the defendants to the complainant's bill cannot be allowed without disregarding the decision of Judge Coxe (83 Fed. 576) made upon the demurrer to the bill, and is therefore overruled.