## THE CHASSAHOWITZKA.

### No. 253.

District Court, S. D. Texas, Houston Division.

Feb. 15, 1933.

H. M. Holden, U. S. Atty., and M. S. McCorquodale, Asst. U. S. Atty., both of Houston, Tex.

Edwin H. Grace, of New Orleans, La., and Weaver Moore, of Houston, Tex., for claimant.

KENNERLY, District Judge.

While the United States Coast Guard vessel CE115, in charge of George H. Gustafson, officer in charge, was en route on June 23, 1932, from Morgan City, La., to Trinity Shoal Buoy in Texas, and about seventeen miles offshore, the officer in charge sighted two vessels, close together, about four or five miles away and in the direction (southwest) in which the CE115 was moving. At the time the two vessels were sighted, they were about seventeen miles off the Louisiana coast. Immediately thereafter, the vessels separated, one going to sea, and the other towards the shore. There is some suggestion, but no evidence, that the vessel which went to sea was a "rum runner" with intoxicating liquor aboard which it expected, or was making an effort, to deliver to the other vessel.

The CE115 pursued the vessel which started towards the shore, fired several blank, and a large number of real, shots at her, none of which struck her, and overhauled her within four leagues of the Louisiana shore, and boarded her. She was found to be the American gas screw vessel Chassahowitzka, in charge of Wilbur Fabre, the owner. She was boarded and searched by the officers of the CE115, but no intoxicating liquor, nor contraband merchandise, was found.

During the chase, in addition to the shots fired at the Chassahowitzka, the siren whistle of the CE115 was blown, and it is clear that the Chassahowitzka was trying to avoid being overhauled and searched. The statement of Fabre, at the time she was overhauled, makes this certain.

This is a libel by the United States government against the Chassahowitzka, the basis of which can best be set forth by quoting from the government's amended libel, filed September 9, 1932 (italics mine):

"V. That by virtue of the refusal of the said Wilbur Fabre to stop the said Chassahowitzka, No. 231459, and submit to search, inspection and examination of said Chassahowitzka, No. 231459, *the said Wilbur Fabre* incurred the following fines and penalties, to wit, a *fine* of Two Thousand Dollars ($2,-000.00), as provided by 18 U. S. C. 121; a *fine* and *penalty* of One Thousand Dollars ($1,000.00), as provided by 19 U. S. C. 483;

and a *fine* of Five Hundred Dollars ($500.-00).

"VI. That said fines and penalties constitute a lien on the said Chassahowitzka, No. 231459.

"That all and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court."

The prayer is that upon a hearing, such *vessel* and *her owner* (Fabre) be decreed liable for such fines and penalties, and that the vessel, etc., be forfeited to the United States. And further that the vessel be sold to satisfy said lien, and for such other and further relief as to the court may seem just.

By its pleadings, the government *limits its case to a recovery of the fines and penalties alleged to have been incurred by Fabre, under the three named sections of the Code, and to a fixing of such fines and penalties as a lien against the vessel.* No other case is made by, and no other relief asked in, the pleadings.

Fabre has filed exceptions, raising the questions hereinafter discussed, which exceptions were presented, and decision thereon postponed until the case be heard on the merits. Without waiving his exceptions, Fabre answers, claiming the boat and denying the allegations of the government and that it is entitled to the relief sought.

This is a hearing on such exceptions, and in the event they be overruled, of the case on the merits.

1. Whether this court may, under the Barracouta (D. C.) 42 F. 160, 161, The C. G. White (C. C. A.) 64 F. 579, and The Paolina S (C. C.) 11 F. 171, 173, cited by the government, determine, in this proceeding, whether Fabre, the owner, has, as claimed by the government, incurred a fine under section 483, title 19, USCA [1], need not be decided. It is at once apparent from an examination of the wording of such section that, under the facts which are alleged and which we have here, Fabre, the owner, has not in-

[1] Section 483, Title 19, USCA: "Forfeitures. Every such vehicle and beast, or either, together with teams or other motive power used in conveying, drawing, or propelling such vehicle or merchandise, and all other appurtenances, including trunks, envelopes, covers, and all means of concealment, and all the equipage, trappings, and other appurtenances of such beast, team, or vehicle, shall be subject to seizure and forfeiture. If any person who may be driving or conducting, or in charge of any such carriage or vehicle or beast, or any person traveling, shall willfully refuse to stop and allow search and examination to be made as herein provided, when required so to do by any authorized person, he shall be punishable by a fine of not more than $1,000, nor less than $50."

curred a fine of $1,000 or less, as provided in said section, because such section deals with vehicles, teams, trappings, etc., and not with vessels. That Fabre has not rendered himself liable to a fine under such section referring to vehicles, etc., by what he has done here respecting the vessel in question, is clear.

2. Section 121 of title 18 of the Code[2] is a part of the Criminal Code, and provides a maximum fine of $2,000 and/or a maximum imprisonment of one year, for a violation of its provisions. Libelant does not charge that the vessel libeled has violated this section, but charges that Fabre, the owner, has violated same, and incurred the fine therein fixed. But it is neither pleaded nor shown that Fabre has had a trial by jury, or otherwise, before a court of competent jurisdiction, upon an indictment or information for violation of such section, and that he has been found guilty, and sentenced to pay such fine. Without such proof, the government has no standing here to have such a fine fixed as a lien against the vessel seized.

The government relies upon The Barracouta and The C. G. White, supra. But these were not cases where a criminal statute was the basis of the government's case. In the

case of The Barracouta, the proceedings were instituted and prosecuted under sections 3068 [18 USCA § 122] and section 3088 of the Revised Statutes; both sections being, at that time, customs or revenue statutes as distinguished from criminal statutes. In The C. G. White, the proceedings were instituted and prosecuted under sections 2867 and 3088 of the Revised Statutes, both customs or revenue statutes, and not criminal statutes. On the other hand, in a case relied upon by claimant (United States v. Cobb [D. C.] 163 F. 791, 794), the principle is clearly recognized that where, as here, it is sought to fix a fine for the violation by an individual of a criminal statute, as a lien against a vessel, there must first be shown a lawful assessment of such fine, after a trial such as an individual charged with a crime or misdemeanor must have.

Independently of these cases, I think it must be held that this court, *in this proceeding,* has no more power to assess a fine under such section against Fabre, than it has, in this proceeding, to assess against him a term of imprisonment under such Section.

3. Libelant also claims that Fabre has incurred a fine of $500, which it seeks to have fixed as a lien against the vessel, but there is no allegation as to the statute under which he incurred such fine. In the briefs, the parties treat this as a claim that the fine was incurred under section 122, title 18, of the Code (section 122, title 18, USCA). It is doubtful if the allegation, standing alone, is definite enough to entitle libelant to recover at all, but treating it as an allegation of the incurring by Fabre of a fine under section 122, of title 18, of the Code (18 USCA § 122), then the same questions are presented as are presented in the claim under section 121, just discussed.

From what has been said, it follows that claimant's exceptions must be sustained, but libelant may have ten days in which to amend.

Let a decree be prepared accordingly.

---

[2] Section 121, of title 18, USCA: "Resisting revenue officers, rescuing or destroying seized property; using deadly weapon. Whoever shall forcibly assault, resist, oppose, prevent, impede, or interfere with any officer of the customs or of the internal revenue, or his deputy, or any person assisting him in the execution of his duties, or any person authorized to make searches and seizures, in the execution of his duty, or shall rescue, attempt to rescue, or cause to be rescued, any property which has been seized by any person so authorized; or whoever before, at, or after such seizure, in order to prevent the seizure or securing of any goods, wares, or merchandise by any person so authorized, shall stave, break, throw overboard, destroy, or remove the same, shall be fined not more than $2,000 or imprisoned not more than one year, or both; and whoever shall use any deadly or dangerous weapon in resisting any person authorized to make searches or seizures, in the execution of his duty, with intent to commit a bodily injury upon him or to deter or prevent him from discharging his duty, shall be imprisoned not more than ten years."