UNITED STATES of America, Plaintiff–Appellee,

v.

Gilberto CALDERA–HERRERA, Defendant–Appellant.

No. 90–8463
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 17, 1991.

Robert J. Perez, Asst. Federal Public Defender, Lucien B. Campbell, Federal Public

Defender, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Gregory S. Rogers, Asst. U.S. Attys., Robert F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before JOHNSON, SMITH, and WIENER, Circuit Judges.

## ON PETITION FOR REHEARING

PER CURIAM:

The defendant, Gilberto Caldera–Herrera (Caldera), asserts in his petition for rehearing that we have misconstrued the statutes under which he was convicted. We conclude that our opinion and holding are in error. Accordingly, we withdraw the opinion and substitute the following:

Defendant Gilberto Caldera–Herrera (Caldera) appeals his conviction on four counts of unlawful departure from a designated customs facility in violation of 19 U.S.C. § 1459. We reverse.

### I.

Caldera was convicted following a jury trial. The evidence established that on four occasions in February 1990, Caldera, alone in a vehicle, drove from Mexico to a port of entry in El Paso, Texas, then sped away without authorization.

Caldera was charged with four counts of failing to present himself for inspection at a port-of-entry, in violation of 19 U.S.C. §§ 1433 and 1436, and four counts of departing from a designated customs facility without authorization, in violation of 19 U.S.C. § 1459(d) and (g). He was convicted on all eight counts but challenges only the conviction on the four counts under section 1459.

### II.

Caldera presents only one issue for review:

Defendant's motion for judgment of acquittal should have been granted as to [the four counts under section 1459] because the evidence presented by the government was insufficient to establish that Defendant was either not in a vehicle, vessel, or aircraft, or only a passenger, which is an essential element of the offense under [section] 1459.

Caldera argues that he cannot be guilty both of section 1433,[1] which regards persons in charge of a vehicle, and section 1459,[2] which, Caldera asserts, concerns

---

**1.** Section 1433 reads as follows:

Report of arrival of vessels, vehicles, and aircraft

(a) Vessel arrival

 .   .   .   .   .

(b) Vehicle arrival

(1) Vehicles may arrive in the United States only at border crossing points designated by the Secretary.

(2) Except as otherwise authorized by the Secretary, immediately upon the arrival of any vehicle in the United States at a border crossing point, the person in charge of the vehicle shall—

(A) report the arrival; and

(B) present the vehicle, and all persons and merchandise (including baggage) on board, for inspection;

to the customs officer at the customs facility designated for that crossing point.

(c) Aircraft arrival

 .   .   .   .   .

(d) Presentation of documentation

The master, person in charge of a vehicle, or aircraft pilot shall present to customs officers such documents, papers, or manifests as the Secretary may by regulation prescribe.

(e) Prohibition on departures and discharge—

Unless otherwise authorized by law, a vessel, aircraft, or vehicle may, after arriving in the United States or the Virgin Islands—

(1) depart from the port, place, or airport of arrival; or

(2) discharge any passenger or merchandise (including baggage);

only in accordance with regulations prescribed by the Secretary.

**2.** Section 1459 reads as follows:

Reporting requirements for individuals

(a) Individuals arriving other than by conveyance

Except as otherwise authorized by the Secretary, individuals arriving in the United States other than by vessel, vehicle, or aircraft shall—

(1) enter the United States only at a border crossing point designated by the Secretary; and

(2) immediately—

(A) report the arrival, and

only persons arriving at a port-of-entry other than by vehicle or other conveyance and persons who, although arriving by conveyance, are not in charge of that conveyance.

We agree that, as the sole occupant and driver of a vehicle, Caldera could not be convicted under section 1459. While section 1433 covers the conduct of a person in charge of a vehicle, and Caldera does not appeal his conviction under that statute, section 1459 regards the conduct only of persons who are not in charge of a conveyance.

■ Where possible, statutes must be read in harmony with one another so as to give meaning to each provision. *Federal Aviation Admin. v. Robertson*, 422 U.S. 255, 261, 95 S.Ct. 2140, 2145, 45 L.Ed.2d 164 (1975). The statutes at issue here— sections 1433 and 1459—are *in pari materia* and thus should be construed together. *See United States v. Onick*, 889 F.2d 1425, 1433 (5th Cir.1989).

> (B) present themselves, and all articles accompanying them for inspection;
> to the customs officer at the customs facility designated for that crossing point.
> (b) Individuals arriving by reported conveyance
> Except as otherwise authorized by the Secretary, passengers and crew members aboard a conveyance the arrival in the United States of which was made or reported in accordance with section 1433 or 1644 of this title or section 1509 of Title 49, or in accordance with applicable regulations, shall remain aboard the conveyance until authorized to depart the conveyance by the appropriate customs officer. Upon departing the conveyance, the passengers and crew members shall immediately report to the designated customs facility with all articles accompanying them.
> (c) Individuals arriving by unreported conveyance
> Except as otherwise authorized by the Secretary, individuals aboard a conveyance the arrival in the United States of which was not made or reported in accordance with the laws or regulations referred to in subsection (b) of this section shall immediately notify a customs officer and report their arrival, together with appropriate information concerning the conveyance on or in which they arrived, and present their property for customs examination and inspection.
> (d) Departure from designated customs facilities
> Except as otherwise authorized by the Secretary, any person required to report to a designated customs facility under subsection (a), (b),

■ Sections 1433 and 1459 are easily harmonized by observing their plain meaning. Section 1433(b)(2)(B) requires the "person in charge" of a vehicle to present it for inspection. Caldera was convicted of violating this provision and does not appeal that conviction.

Section 1433(e) prohibits the departure of a vehicle other than in accordance with applicable regulations. Presumably, Caldera could have been accused of violating that provision; he was charged instead with violating section 1459(d), which proscribes unlawful departure by "any person required to report to a designated customs facility under [section 1459(a), (b), or (c) ]."

Caldera is not a person described in subsection (a), regarding persons not arriving by conveyance, or subsection (c), regarding persons arriving by *unreported* conveyance.[3] Thus, to be guilty of an offense under subsection (d), he must qualify as a person described in subsection (b).

> or (c) of this section may not depart that facility until authorized to do so by the appropriate customs officer.
> (e) Unlawful acts
> It is unlawful—
> (1) to fail to comply with subsection (a), (b), or (c) of this section;
> (2) to present any forged, altered, or false document or paper to a customs officer under subsection (a), (b), or (c) of this section without revealing the facts;
> (3) to violate subsection (d) of this section; or
> (4) to fail to comply with, or violate, any regulation prescribed to carry out subsection (a), (b), (c), or (d) of this section.
> (f) Civil penalty
> Any individual who violates any provision of subsection (e) of this section is liable for a civil penalty of $5,000 for the first violation, and $10,000 for each subsequent violation.
> (g) Criminal penalty
> In addition to being liable for a civil penalty under subsection (f) of this section, any individual who intentionally violates any provision of subsection (e) of this section is, upon conviction, liable for a fine of not more than $5,000, or imprisonment for not more than 1 year, or both.

**3.** Caldera "reported," as a matter of law, merely by entering through a customs checkpoint. *See The Paolina S.*, 11 F. 171, 172 (S.D.N.Y.1880) ("The report of the arrival required by statute is the same thing as the entry of the vessel.") (predecessor statute).

That subsection imposes a reporting requirement only upon "passengers and crew members." There is no suggestion that Caldera, travelling alone in an automobile, could be considered a "crew member." The word "passenger," though not defined in the subject statute, is commonly thought of "as meaning any occupant of a vehicle *other than the person operating it*." *Black's Law Dictionary* 1123 (6th ed. 1990) (emphasis added).[4]

Hence, Caldera, being neither a "passenger" nor a "crew member," cannot be guilty of violating section 1459(d). This makes sense when sections 1433 and 1459 are read together. Section 1433(b) requires the person in charge of a vehicle to report its arrival in the United States and to present it for inspection; section 1433(e) prohibits the vehicle's unlawful departure.

Section 1459(b) covers not the driver and vehicle, but the passengers, requiring them to report; section 1459(d) prohibits the unauthorized departure of such passengers. Thus, read *in pari materia*, the two sections, without redundancy, require all persons to report and not to depart without authorization.

Because Caldera was not a passenger, he cannot be criminally liable under section 1459. Accordingly, his conviction on four counts of violating that section must be, and are hereby, REVERSED.[5]

---

4. *Accord Random House Dictionary of the English Language* 1418 (2d ed. 1987) ("a person who is travelling in an automobile, bus, train, airplane, or other conveyances, *esp. one who is not the driver, pilot, etc.*") (emphasis added).

5. A remand for resentencing is unnecessary. The sentences here were concurrent, and there is no indication that the 10–month sentence would have been shorter but for the inclusion of the § 1459 counts. *See United States v. Gaddis*, 424 U.S. 544, 547, 549 & n. 12, 550 n. 15, 96 S.Ct.

---

1023, 1025, 1026 & n. 12, 1027 n. 15, 47 L.Ed.2d 222 (1976); *United States v. Buckley*, 586 F.2d 498, 505 (5th Cir.1978), *cert. denied*, 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1979).

