194 N.J. Super. 284 (1984)
476 A.2d 861
FIRST JERSEY SECURITIES, INC., ROBERT E. BRENNAN, JOHN E. DELL, ANTHONY NADINO, ROBERT SANTO, AND PETER AIELLO, PLAINTIFFS-RESPONDENTS,
v.
SECURITIES AND EXCHANGE COMMISSION, AN AGENCY OF THE UNITED STATES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 21, 1984.
Decided June 6, 1984.
*287 Before Judges ARD, MORTON I. GREENBERG and TRAUTWEIN.
Richard M. Humes, Assistant General Counsel, argued the cause for appellant (John W. O'Farrell, Chief, Civil Division, Office of the United States Attorney for the District of New Jersey, attorney; Linda D. Feinberg, Associate General Counsel, Harry J. Weiss, Special Trial Counsel, and David A. DeMuro, on the brief).
Ronald J. Riccio argued the cause for respondents (Robinson, Wayne, Levin, Riccio & LaSala, attorneys; Ronald J. Riccio, Donald A. Robinson and John B. Livelli, on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
This appeal implicates issues involving federal-state relations. An understanding of the matter requires its extraordinary procedural history to be set forth at length.
The origins of this case are traceable to an order issued on May 17, 1979 by defendant Securities and Exchange Commission, an agency of the United States of America. The SEC ordered First Jersey Securities, Inc. and Robert E. Brennan, John E. Dell, Anthony Nadino, Robert Santo and Peter Aiello,[1] all of whom were then or formerly associated with First Jersey, to appear at a public hearing before the SEC to determine whether they had violated federal securities laws in certain transactions and if so what remedies would be appropriate. *288 First Jersey and the enumerated individuals in the federal hearing eventually became the plaintiffs in this action and will so be identified in this opinion. The case was assigned to David Markun, a federal administrative law judge, who, after denying plaintiffs' motion for his disqualification, started the matter on November 20, 1979. The plaintiffs' files at the hearing were so voluminous that they were permitted to store them in a hearing room in the public building in which the hearings were conducted. On October 22, 1980 the hearing was adjourned pending settlement negotiations. During the ensuing lengthy recess plaintiffs' files were left in the hearing room. In December 1980 the SEC discovered that the files were missing.
In August 1982, following failure of the settlement negotiations, the SEC rescheduled the administrative proceedings. The SEC also advised plaintiffs that it was considering filing an enforcement action against some of them seeking relief because of their activities concerning a company called "Geosearch." This renewal of activity caused plaintiffs on September 22, 1982 to file a motion in the SEC proceedings seeking an adjournment because of the lost files. Plaintiffs considered it unfair for the matter to proceed until their files were recovered, an event which has not yet occurred.
Plaintiffs also sought relief in a second forum. On September 25, 1982 they filed a complaint in the United States District Court for the District of New Jersey requesting an injunction against the SEC from continuing the pending administrative proceedings. Additionally in this federal court action plaintiffs sought to enjoin the SEC from further investigations, prosecution or proceedings with respect to Geosearch. In seeking this relief, plaintiffs again alleged that it would be unfair for these actions to continue because of the lost files.
On December 13, 1982 United States District Court Judge Lee Sarokin decided the federal court matter in a reported opinion. First Jersey Securities, Inc. v. S.E.C., 553 F. Supp. 205 (D.N.J. 1982). He held that he was without jurisdiction to *289 hear plaintiffs' claim because they had not exhausted their administrative remedies and none of the exceptions to the federal exhaustion rule applied. Id. at 208-211. He refused to enjoin the SEC from filing an enforcement action with respect to Geosearch because plaintiffs could present the lost files defense in defending such an action. Thus he dismissed plaintiffs' complaint. Id. at 212-213. Plaintiffs appealed from the dismissal but ultimately they caused their appeal to be dismissed after the United States Court of Appeals for the Third Circuit on January 14, 1983 refused to grant them relief pending appeal.
The dismissal by Judge Sarokin did not affect plaintiffs' attempt to obtain administrative relief under their pending motion of September 22, 1982. On December 16, 1982 the SEC referred that motion to Judge Markun for disposition and on December 20, 1982 he scheduled an evidentiary hearing on it. Plaintiffs responded by moving to disqualify Markun from conducting this hearing. In addition they sought discovery in anticipation of it. Judge Markun denied these applications. Plaintiffs administratively appealed this ruling to the SEC which affirmed Judge Markun on March 18, 1983.
On December 16, 1982 plaintiffs filed a second action in the United States District Court for the District of New Jersey. They sought a declaratory judgment that their rights would be violated if they were forced to defend an enforcement action concerning Geosearch.
On January 14, 1983 the SEC filed a third district court action related to this case. In a complaint in the United States District Court for the Southern District of New York the SEC charged that plaintiffs First Jersey and Brennan had violated securities laws in trading Geosearch stock. It asked for appropriate relief for the alleged violations.
On January 24, 1983 plaintiffs amended their complaint in their declaratory judgment action originally filed on December *290 16, 1982.[2] They sought to transfer and consolidate the New York action with the pending declaratory judgment action in the United States District Court in New Jersey. In addition they asked for an injunction against the prosecution of the New York action or alternatively to have it dismissed. Further they sought an injunction stopping the evidentiary hearing before Judge Markun until the lost files were found. Plaintiffs subsequently abandoned their claim to halt the New York proceedings since they recognized that they could assert any defenses attributable to the lost files in that action. On April 20, 1983 Judge Sarokin decided the remaining aspects of the case in an oral opinion. He dismissed plaintiffs' action inasmuch as they had not exhausted their administrative remedies. The judge observed that these claims were properly before the SEC and that the United States District Court was without "... jurisdiction to interrupt or interfere with that process...."[3]
Notwithstanding the dismissal of plaintiffs' two actions in the United States District Court for the District of New Jersey and the affirmance by the SEC of Judge Markun's denials of plaintiffs' motions, the administrative action did not go forward. This delay was attributable to the New York proceedings in which plaintiffs moved to dismiss the complaint because of the lost files and the SEC moved to strike plaintiffs' lost files defense. Pursuant to an order of the district court judge allowing discovery on this defense, Judge Markun was deposed by plaintiffs on April 20, 1983. In May 1983 a factual hearing was held on plaintiffs' motion to dismiss the New York complaint and the SEC's motion to strike plaintiffs' defense. The judge withheld decision on these motions for approximately seven months.
*291 With the consent of the parties the administrative proceedings were temporarily adjourned as the New York matter proceeded. Plaintiffs, however, filed another administrative motion requesting that Judge Markun disqualify himself from conducting the lost files evidentiary hearing. They asserted that inasmuch as Judge Markun had been deposed and his deposition admitted into evidence in the New York action, he should now be recused. Judge Markun denied this motion on November 8, 1983.
Plaintiffs also filed with the SEC a motion to postpone the evidentiary hearing on their September 22, 1982 motion pending final determination of the lost files issue in the New York action. On November 9, 1983 Judge Markun denied this motion ruling that the enforcement proceeding and the administrative proceeding could go forward concurrently.
Pursuant to federal administrative practice, on November 14, 1983 Judge Markun certified to the SEC for review his denial on November 8, 1983 of plaintiffs' disqualification motion. On November 17, 1983 plaintiffs filed a motion with Judge Markun asking him to certify to the SEC his ruling of November 9, 1983 denying plaintiffs' request for postponement of the evidentiary hearing pending final disposition of the New York action. Plaintiffs also requested Judge Markun to stay the evidentiary hearing which was scheduled to commence November 22, 1983 pending the SEC's review of his November 8, 1983 and November 9, 1983 rulings. On November 18, 1983 Judge Markun denied plaintiffs' motion.
On November 21, 1983 plaintiffs started the action with which we are now directly concerned by filing a complaint against the SEC in the Superior Court of New Jersey, Law Division, Monmouth County. They alleged that prosecution of the administrative complaint and the proposed evidentiary hearing would violate plaintiffs' due process rights under the New Jersey Constitution. Plaintiffs, however, did not allege any violations of federal rights. Plaintiffs sought an order enjoining *292 the SEC from prosecuting the administrative complaint until final resolution of the lost files issue then still pending in the New York case and from conducting any hearing concerning the lost files issue. In addition plaintiffs sought to enjoin Judge Markun from conducting the administrative proceedings. On November 21, 1983 a Superior Court judge issued a temporary restraining order precluding the SEC from conducting any proceeding with respect to the administrative complaint pending resolution of plaintiffs' application for a preliminary injunction. The judge also restrained the SEC from filing a petition removing the action to the United States District Court. After the SEC unsuccessfully sought a dissolution of these temporary restraints, it moved before this court on December 8, 1983 for leave to appeal the portion of the order preventing removal of the action. Prior to disposition of this motion, however, plaintiffs applied to the trial judge for an order vacating the trial court's injunction against removal. On December 16, 1983 the trial judge dissolved all restraints against removal and thus on December 19, 1983 we denied the SEC's motion for leave to appeal.
Thereafter the SEC filed a petition for removal with the United States District Court for the District of New Jersey. Plaintiffs moved in that court to remand the matter to the Superior Court of New Jersey. After a hearing on January 6, 1984, Judge Sarokin decided that the matter should be remanded since he was satisfied that plaintiffs were relying "... solely upon alleged violations of the New Jersey Constitution and New Jersey common law."
On the same day that the matter was remanded plaintiffs filed a motion in the Superior Court, Law Division, asking for an order enjoining the SEC from conducting any proceedings relating to the administrative complaint against them. Such an order was promptly entered on January 6, 1984.
On January 16, 1984 the SEC filed a motion in the Superior Court, Law Division, seeking an order dismissing plaintiffs' *293 complaint. The SEC contended that the Superior Court lacked subject matter jurisdiction as the claims asserted were barred by sovereign immunity, res judicata, collateral estoppel, failure to exhaust administrative remedies, lack of equity jurisdiction and were not ripe for judicial resolution. Alternatively the SEC alleged that the complaint failed to state a claim upon which relief could be granted. On January 20, 1984 the trial judge entered an order denying defendant's motion.
On January 31, 1984 the SEC filed with this court a motion seeking leave to appeal, a stay pending appeal and summary disposition. On February 16, 1984 we granted the SEC's motion for leave to appeal, stayed the trial court proceedings but denied summary disposition.[4] Meanwhile on December 29, 1983 the district court judge in New York held that notwithstanding the loss of plaintiffs' files, the New York action could continue.
By administrative order dated April 10, 1984 Judge Markun scheduled the evidentiary hearing on plaintiffs' lost files motion to commence on May 8, 1984.[5] Plaintiffs subsequently moved before the New Jersey Supreme Court to vacate our order of February 16, 1984. Although the record includes no disposition of this motion, at oral argument the parties submitted that the Supreme Court denied this motion.
On April 24, 1984 the SEC affirmed Judge Markun's order refusing to disqualify himself from presiding over the administrative proceeding and his order refusing to postpone the hearing then scheduled to commence May 8, 1984. On May 2, 1984 plaintiffs filed with the United States Court of Appeals for the Third Circuit a petition for review of the SEC's order denying *294 their motion to disqualify Judge Markun. Plaintiffs also applied to a judge of the United States Court of Appeals for a stay and temporary restraining order postponing the May 8 hearing pending review by the Court of Appeals of the SEC's order against disqualification. After hearing oral argument, the judge denied these motions. The evidentiary hearing on plaintiffs' lost files motion was then started.
Resolution of this appeal requires consideration of issues unusual in this court. It is obvious, of course, that this case involving a state injunction against a federal proceeding is a matter of delicacy. Further we are to a degree in uncharted waters for the Supreme Court of the United States has apparently not decided whether a state court has the power to issue an injunction against a federal officer with respect to his duties. See Ruffalo By Ruffalo v. Civiletti, 702 F.2d 710, 718 n. 16 (8 Cir.1983). While the SEC itself is the defendant here, the Superior Court judge in effect issued such an injunction for the consequence of his action was to preclude the personnel of the SEC from pursuing their statutory function. There is substantial lower court authority providing that a state court does not have the power to enjoin a federal officer from carrying out his public functions, yet the matter is not free from doubt. Ibid.; Pennsylvania Turnpike Commission v. McGinnes, 179 F. Supp. 578, 580 (E.D.Pa. 1959), aff'd 278 F.2d 330 (3 Cir.1960), cert. den. 364 U.S. 820, 81 S.Ct. 57, 5 L.Ed.2d 51 (1960).
Professor Moore, a leading authority on federal practice, has set forth the following analysis concerning suits against federal officers in state courts which we follow in deciding this case:
Both justice and sound federalism support the following general, conclusory proposition: whenever a legal right arises and its enforcement does not violate the principle of the sovereign immunity of the United States, and the federal courts do not have exclusive jurisdiction, expressly or impliedly, then any state court, competent to afford an appropriate remedy, has jurisdiction of the subject matter. This satisfies the reasonable expectation of an aggrieved party that there is at least one forum for the adjudication of his claim. The governmental interest of the United States, on the other hand, is protected by the appellate jurisdiction of the Supreme Court of the United States to review a final judgment of the highest court of a state that turns upon a substantial *295 federal issue. If this appellate power of review is not adequate in reference to a particular matter(s), and it will not always be, Congress can protect a federal right by affording a right of removal, or by giving the federal courts exclusive jurisdiction.... [1 Moore's Federal Practice (2 ed. 1984), § 0.6[5] at 251] (Emphasis added.) (Footnote omitted.)
Within the above guidelines we note that the United States District Court has remanded the case to the Superior Court inasmuch as the action is based solely on state grounds. Consequently we assume that the district court does not have jurisdiction over plaintiffs' claims.[6]
It is, of course, established that except insofar as it consents to be sued the United States is immune from suit. United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114, 121 (1976). The SEC asserts that the United States has not so consented. Plaintiffs, however, assert that the United States did waive its immunity in 5 U.S.C.A. §§ 702 and 703 dealing with administrative agencies.
5 U.S.C.A. § 702 insofar as pertinent to this case provides:
A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States[.]
This section does not waive sovereign immunity in actions in a state court. Kozera v. Spirito, 723 F.2d 1003, 1011 & n. 7 (1 Cir.1983); Aminoil U.S.A., Inc. v. Cal. State, Etc., 674 F.2d 1227, 1233 (9 Cir.1982). Plaintiffs contend, however, that there is a waiver because of 5 U.S.C.A. § 703 which provides:
The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, *296 including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement. (Emphasis added.)
Plaintiffs assert that the Superior Court is a "court of competent jurisdiction" to issue an injunction. We disagree because 5 U.S.C.A. § 703 allows an action in a court of competent jurisdiction for judicial review of agency action only in the absence or inadequacy of a "special statutory review proceeding." In this case there is an adequate statutory review proceeding inasmuch as 15 U.S.C.A. § 78y(a) allows for review of SEC orders in the United States Courts of Appeals. While we are of the view that the federal courts will not grant plaintiffs relief under state law grounds, a court of appeals upon completion of the administrative proceedings nevertheless will have jurisdiction to review plaintiffs' claims and the conduct to which it objects under federal law. Consequently there is no basis for a state court as a "court of competent jurisdiction" to review an SEC action. See First Jersey Securities, Inc. v. Bergen, 605 F.2d 690 (3 Cir.1979), cert. den. 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980). Therefore the United States has not waived sovereign immunity in this case and thus this action must be dismissed. While we reach this result in treating the case as being against federal officers, obviously we would rule no differently if we simply considered the case against the SEC alone.
Alternatively plaintiffs, citing Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949), argue that the SEC by its conduct has violated their constitutional rights and is therefore not protected by sovereign immunity. Defendant counters that the action is against it as an entity and not against an individual and thus Larson is inapplicable. We reject plaintiffs' argument. Plaintiffs *297 in this case have not asserted a violation of their federal constitutional rights. We do not understand Larson to suggest that an action otherwise barred by sovereign immunity may be brought when state constitutional rights are allegedly violated. Such a result would permit a state by the development of its own law to define the scope of the waiver of federal sovereign immunity, a result not permitted because of the supremacy clause of the United States Constitution. U.S. Const., Art. VI. As we have already noted plaintiffs have carefully pleaded so as to avoid the assertion of federal rights.
The trial court's holding further impinges on the supremacy clause for an additional reason. Congress has provided that the SEC make determinations in matters within its jurisdiction reviewable in the United States Courts of Appeals. 15 U.S.C.A. § 78y(a). Plaintiffs invite a circumvention of this process by relying on state law. See First Jersey Securities, Inc. v. Bergen, supra, 605 F.2d at 690. We hold that the supremacy clause bars a New Jersey court from interfering with the federal administrative proceedings. See Wasservogel v. Meyerowitz, 300 N.Y. 125, 133-134, 89 N.E.2d 712, 716-717 (Ct.App. 1949). A contrary ruling could lead to absurd results. A state by its constitution could establish rights inconsistent with federal law and then on the basis of state law preclude federal administrative proceedings entirely proper under federal law from going forward. If, as here, the United States courts hold that federal law will permit the proceedings against a party, a state cannot shield it from such actions. In our view plaintiffs' complaint represents a challenge to the supremacy of the United States. As judges of a state court we are certainly cognizant of the sovereignty of our state, but the fact remains that under the United States Constitution any state to some degree is subordinate to federal authority.
The order of January 20, 1984 denying defendant's motion to dismiss the complaint is reversed. The injunction in the order of January 6, 1984 is vacated. The complaint is dismissed.
NOTES
[1] The order was also directed to persons not involved in this action.
[2] The complaint originally was filed on behalf of First Jersey and Brennan. Dell, Nadino, Santo and Aiello joined in the amended complaint.
[3] For reasons not germane to this appeal, Judge Sarokin postponed the evidentiary hearing pending SEC consideration of whether a further postponement was warranted.
[4] A dispute subsequently arose between the parties as to whether we had stayed the trial court's interlocutory injunction or the administrative action. By our order of April 2, 1984 we clarified the order of February 16, 1984 so that it was clear that the administrative proceedings could proceed.
[5] We have for the sake of completeness included references to proceedings after we granted leave to appeal even though they are not properly part of the record in this case. We now expand the record to include them. R. 2:5-5.
[6] In fact as will be seen later plaintiffs cannot be granted relief in any court, federal or state, on the basis of claims under state law.