214 N.J. Super. 177 (1986)
518 A.2d 764
FIDELITY UNION BANK, PLAINTIFF,
v.
MURRAY HYMAN, DEFENDANT-THIRD-PARTY PLAINTIFF-APPELLANT,
v.
LEONARD LITWIN, AND JAMES D. DEMETRAKIS, THIRD-PARTY DEFENDANTS-RESPONDENTS,
v.
MARTIN B. SWARZMAN, ANTRANIG ARZOOMANIAN, AND JAN MAR AVIATION CORP., THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 17, 1986.
Decided December 8, 1986.
*178 Before Judges MORTON I. GREENBERG, R.S. COHEN and GRUCCIO.
*179 Leonard A. Peduto argued the cause for appellant (Klein, Chapman, Greenburg, Henkoff & Siegel, attorneys; Herbert C. Klein, of counsel; Leonard A. Peduto, on the brief).
George B. Gelman argued the cause for respondent Leonard Litwin (Gelman & McNish, attorneys; George B. Gelman, of counsel; Michael B. Wallstein, on the brief).
George G. Frino argued the cause for respondent James D. Demetrakis (DeCotiis, Frino & Lundsten, attorneys; Alfred C. DeCotiis and Thomas Munno, of counsel; George G. Frino and William R. Lundsten, on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, P.J.A.D.
This matter comes on before this court on interlocutory appeal on leave granted from an order denying defendant-third-party plaintiff Murray Hyman's motion seeking an order vacating an order dismissing his third-party complaint against third-party defendants Leonard Litwin and James D. Demetrakis. An understanding of the matter requires a full recitation of the procedural history of the case.
This action was started on February 20, 1984 when plaintiff Fidelity Union Bank filed a complaint against Hyman, the thrust of which was that Hyman, a certified public accountant, had prepared financial statements exaggerating the net worth of Martin B. Swarzman thereby causing Fidelity Union to lend substantial sums to Swarzman which could not be collected. Hyman filed an answer and third-party complaint denying liability to plaintiff and seeking indemnification from Swarzman. On November 30, 1984 Hyman filed an amended third-party complaint joining Litwin and Demetrakis as third-party defendants and a counterclaim against Fidelity Union alleging that Litwin, Demetrakis and Fidelity Union were liable for damages to him because of conduct at least partially related to the transactions described in the Fidelity Union's complaint.[1] On *180 January 25, 1985 and March 6, 1985 Litwin and Demetrakis respectively filed answers to the third-party complaint.
Prior to the dismissal of the third-party complaint there were efforts at discovery with which, according to Litwin and Demetrakis, Hyman would not completely cooperate. As an example of the problems, on March 7, 1985 Hyman's attorney at a deposition directed him not to answer certain questions. Because of these difficulties a consent order was entered on August 22, 1985 allowing Litwin to inspect and copy certain of Hyman's records. Further, on Fidelity Union's motion, on November 1, 1985 Hyman was ordered to appear for depositions, to supply answers to interrogatories and to produce documents.
On October 30, 1985, an indictment was returned against Hyman and Swarzman by a United States grand jury in New Jersey charging them with violations of various federal criminal statutes relating in part to their dealings with Fidelity Union. Subsequently, Hyman moved for a stay of all proceedings in this civil case pending resolution of the criminal matter but this motion was denied by an order of December 6, 1985. Hyman was directed by the order of December 6, 1985 to comply with the order of November 1, 1985 not later than December 20, 1985. Hyman moved for leave to appeal from the order of December 6, 1985 but we denied this motion on December 23, 1985.
On January 2, 1986 Hyman appeared for depositions but he refused to answer numerous questions as he invoked his Fifth Amendment privilege not to incriminate himself. Consequently Litwin moved to dismiss the third-party complaint against him. In response, Hyman filed a cross-motion again seeking, inter alia, a stay of this case pending resolution of the criminal case. At the hearing on these motions on February 14, 1986, Demetrakis joined in Litwin's application for dismissal. After oral argument, the judge dismissed Hyman's third-party complaint against Litwin and Demetrakis. Further, he limited Hyman's *181 defense to Fidelity Union's complaint by excluding from it any matters into which Fidelity Union inquired but which Hyman would not answer on Fifth Amendment grounds. The judge dismissed Hyman's counterclaim against Fidelity Union but provided that Hyman could move to reinstate it if he waived his Fifth Amendment privileges.[2] Clearly the inclusion of this provision for reinstatement in the order dismissing the counterclaim and its omission in the order dismissing the third-party complaint showed that the latter order was to have a finality absent from the former. Hyman's motion for a stay was denied. The order dismissing the third-party complaint as to Litwin and Demetrakis was entered February 25, 1986.
On March 6, 1986, Hyman, having resolved the criminal matter by a guilty plea to some aspect of the indictment, in a letter to the attorneys for Fidelity Union personally stated: "Please be advised that I hereby agree to waive my right to invoke the Fifth Amendment privilege against self-incrimination in this matter. I understand that this waiver extends to all facts, circumstances and issues involved in this lawsuit." Copies of this letter were sent to Litwin and Demetrakis.[3] On March 21, 1986 Hyman served and filed a motion seeking an order vacating the order of February 25, 1986 dismissing his third-party complaint against Litwin and Demetrakis. His attorney's certification attached to the motion recited that Hyman had waived his Fifth Amendment privileges and was scheduled to be deposed on March 25, 1986. After hearing oral argument, the judge denied this motion on April 11, 1986 and an order reflecting this decision was entered on May 13, 1986. On May *182 28, 1986 Hyman filed a motion for leave to appeal from the order of May 13, 1986 which we granted on June 17, 1986. By this opinion we dispose of this interlocutory appeal.
It is, of course, well established that when a litigant seeking affirmative relief claims a Fifth Amendment privilege to avoid discovery with respect to the subject matter of his case the court may dismiss the pleading seeking the relief. See Mahne v. Mahne, 66 N.J. 53, 62 (1974). It is also clear that parties are regularly denied stays of civil proceedings pending disposition of criminal actions. See Whippany Paper Board Co. v. Alfano, 176 N.J. Super. 363, 374 (App.Div. 1980)[4] (collecting cases). In view of this precedent the trial court was on solid ground in its orders denying a stay and dismissing the third-party complaint.
But we have not granted leave to appeal from those orders. Inasmuch as we review the order denying reinstatement of the third-party complaint we are concerned not with the appropriateness of the denial of the stay and the dismissal but rather with the finality of the dismissal. In this regard we note that it is not unusual for a party whose claim has been dismissed for failure to provide discovery to seek its reinstatement. Thus, in Jansson v. Fairleigh Dickinson University, 198 N.J. Super. 190 (App.Div. 1985), plaintiffs sought to have their complaint reinstated almost three years after it was dismissed for failure to answer interrogatories. The court noted that the plaintiffs were personally not to be blamed for the dismissal as their former attorney had misled them regarding the status of the case. The court viewed the case as requiring a balancing of policies favoring the finality of an adjudication and fairness to the parties. It then said that: "Our review of the relevant decisions discloses several important factors that have generally *183 been considered in determining whether the rules should be relaxed. These include (1) the extent of the delay, (2) the underlying reason or cause, (3) the fault or blamelessness of the litigant, and (4) the prejudice that would accrue to the other party." Id. at 195. See also Johnson v. Mountainside Hosp. Resp. Disease Asso., 199 N.J. Super. 114 (App.Div. 1985).
We, of course, have no doubt of the court's jurisdiction to vacate the order of dismissal. R. 4:50-1, after setting forth specific bases for applications for relief from a final judgment or order, provides that a party may seek relief from a final judgment or an order for "any other reason justifying relief from" its operation. R. 4:50-1(f). A court in considering an application under this rule exercises discretion according to equitable principles. Court Invest. Co. v. Perillo, 48 N.J. 334, 341 (1966). We are satisfied that in considering the equities of this case we should take into account the Jansson criteria subject to our comments, infra, regarding a de facto stay. Here the delay was only for a few weeks. Further, the reason for the dismissal was Hyman's undoubtedly legitimate exercise of his constitutional right not to incriminate himself. Finally, we discern no prejudice to Litwin or Demetrakis by reason of the short delay between Hyman's assertion of the privilege and his subsequent waiver of it. Thus, if we view this case as involving an ordinary situation in which a party failed to make discovery, we clearly would grant relief from the order of dismissal.
There is an additional consideration based on the realities of this case supporting that result. In Mahne v. Mahne, supra, the Supreme Court distinguished between plaintiffs and defendants invoking the privilege against self-incrimination in discovery, 66 N.J. at 59. As we said in Whippany Paper Board Co. v. Alfano, supra:
... the Supreme Court indicated a reluctance to render a default judgment against a civil defendant who refuses to answer questions on the basis of the privilege against self-incrimination. The court distinguished dismissal of a plaintiff's complaint when he would not answer questions from suppression of *184 an answer when a defendant claims the privilege. 66 N.J. at 59. The reason is plain: a plaintiff invokes the judicial process whereas a defendant is in court involuntarily. [176 N.J. Super. at 374]
We recognize that as between Hyman on the one hand and Litwin and Demetrakis on the other, Hyman may be regarded as the plaintiff. But overall he certainly is in a defensive posture as his third-party complaint was triggered by the complaint of Fidelity Union against him. Thus, realistically Hyman cannot be regarded as a person who has voluntarily invoked the judicial process.
This case, however, involves more than an ordinary failure of a party to cooperate in discovery. Litwin and Demetrakis make the reasonable argument that the practical consequence of the vacation of the dismissal would be to grant Hyman a de facto stay. Nevertheless we think he should be granted relief and that a decision doing so will not establish a procedure circumventing the line of cases cited in Whippany Paper Board Co. v. Alfano, supra, that litigants are regularly denied stays of civil proceedings pending disposition of criminal actions. 176 N.J. Super. at 374. Here we are convinced that the circumstances of the short period between Hyman's assertion of the privilege and his waiver of it and the fact that the action was still partially pending when he sought relief are so unusual that our result creates only a negligible modification of prior practice. We do not suggest that we would have reached the same result if Hyman had only been a plaintiff whose action had been dismissed.
We recognize, of course, that Litwin and Demetrakis assert that Hyman's claim of privilege was only one of a number of actions by which he frustrated their efforts at discovery. We, however, are satisfied that even if this is true it should not change our conclusion as it is clear that the trial court dismissed the action because of Hyman's refusal to answer questions at the deposition on Fifth Amendment grounds and because the court regarded the dismissal of the third-party complaint, as distinguished from the counterclaim, to be final.
*185 The order of May 13, 1986 is reversed. The matter is remanded to the Superior Court, Law Division, Essex County, for entry of an order reinstating the third-party complaint and for further proceedings. No costs are allowed on this appeal.
NOTES
[1] There were additional third-party defendants not involved in this appeal.
[2] It is not clear from the record whether Fidelity Union filed a separate motion to dismiss the counterclaim and suppress Hyman's defenses.
[3] It is not clear that this letter is part of the record in this case even though Hyman has included it in his appendix. However, inasmuch as Litwin and Demetrakis do not suggest that the letter was not sent we expand the record to include it. See First Jersey Securities, Inc. v. S.E.C., 194 N.J. Super. 284, 293 n. 5 (App.Div. 1984), app. dism. 101 N.J. 208 (1985).
[4] While Whippany Paper Board Co. v. Alfano stated defendants are denied stays, obviously a plaintiff's motion for a stay pending disposition of a criminal case against him would meet with even less favor than a similar motion by a defendant.