266 N.J. Super. 614 (1993)
630 A.2d 376
THE NATIONAL STATE BANK OF ELIZABETH, PLAINTIFF,
v.
GLADYS GONZALEZ, DEFENDANT AND THIRD-PARTY PLAINTIFF/RESPONDENT,
v.
HENRY CISNEROS, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, THIRD-PARTY DEFENDANT/APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 1993.
Decided July 30, 1993.
*616 Before Judges MICHELS, BAIME and WALLACE.
Andrew O. Schiff, Assistant United States Attorney, argued the cause for appellant (Michael Chertoff, United States Attorney, attorney; Mr. Schiff, of counsel and on the brief).
Gregory G. Diebold, argued the cause for respondent (Hudson County Legal Services Corp., attorney; Timothy K. Madden, Director, Mr. Diebold, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Third-Party defendant Henry Cisneros, Secretary of the United States Department of Housing and Urban Development (Secretary) appeals pursuant to leave granted by this court from an order of the Chancery Division that denied his motion to dismiss a third-party complaint filed by defendant and third-party plaintiff Gladys Gonzalez (Gonzalez) for lack of jurisdiction in this mortgage foreclosure action.
*617 Plaintiff The National State Bank of Elizabeth (NSB) instituted this action against Gonzalez to foreclose her mortgage. Gonzalez filed a third-party complaint against the Secretary, alleging that the Secretary erred in refusing to grant her temporary mortgage assistance payments pursuant to the National Housing Act (NHA), 12 U.S.C. § 1715u(a). This provision of the NHA authorizes the Secretary to assist individuals in meeting their monthly mortgage payments during periods of temporary delinquency. 12 U.S.C. § 1715u(a)(1). Relief is warranted only where the default "was caused by circumstances which are beyond the mortgagor's control and render the mortgagor temporarily unable to correct a mortgage delinquency and to resume full mortgage payments" and "such payments are necessary to avoid foreclosure." 12 U.S.C. § 1715u(a)(1) and (2). The amount of the payments is within the discretion of the Secretary, 12 U.S.C. § 1715u(a)(3), but they may not exceed a period of eighteen months unless the Secretary determines an extension is necessary, 12 U.S.C. § 1715u(a)(4). The payments are secured by the property and are repayable. 12 U.S.C. § 1715u(a)(5). The statute further provides that temporary mortgage assistance payments are to be made only "to the extent approved in appropriation Acts." 12 U.S.C. § 1715u(c).
After the Secretary denied Gonzalez temporary mortgage assistance, Gonzalez sought judicial review of its decision. Because Gonzalez was already in the Superior Court as a defendant in the foreclosure action initiated by NSB, she filed a third party complaint in the Chancery Division requesting (1) declaratory relief entitling her to temporary mortgage assistance and (2) dispensation of payments in an appropriate amount. The Secretary's motion to dismiss the third-party complaint for lack of subject matter jurisdiction was denied and we granted the Secretary leave to appeal.
The Secretary contends that the Superior Court does not have jurisdiction over Gonzalez's third party claim because Congress has not specifically waived sovereign immunity for suits against *618 the Secretary in state court and, thus, it may only be sued in Federal Court. We agree and reverse.
It is fundamental that the federal government, as sovereign, is immune from suit absent the consent of Congress. Block v. North Dakota, 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840, 853 (1983); United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607, 613, reh'g denied, 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058, 1061 (1941). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed by Congress. United States Dep't of Energy v. Ohio, 503 U.S. ___, ___, 112 S.Ct. 1627, 1633, 118 L.Ed.2d 255, 266 (1992); United States v. Nordic Village, 503 U.S. ___, ___, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181, 187 (1992); United States v. Mitchell, supra, 445 U.S. at 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d at 613; United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52, 56 (1969). "[T]he terms of [Congress'] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, supra, 445 U.S. at 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d at 613 (quoting United States v. Sherwood, supra, 312 U.S. at 586, 769, 61 S.Ct. 767, 85 L.Ed. at 1061). When interpreting the terms of a waiver, courts generally employ strict construction in favor of the sovereign so as not to enlarge the scope of the waiver beyond what the language requires. See United States Dep't of Energy v. Ohio, supra, 503 U.S. at ___, 112 S.Ct. 1627, 1633, 118 L.Ed.2d at 266; United States v. Nordic Village, supra, 503 U.S. at ___, 112 S.Ct. 1011, 1014-15, 117 L.Ed.2d at 187-88; see also Ruckelshaus v. Sierra Club, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277-78, 77 L.Ed.2d 938, 944 (1983); McMahon v. United States, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26, 30, reh'g denied, 342 U.S. 899, 72 S.Ct. 228, 96 L.Ed. 673 (1951). Thus, the Secretary is immune from suit unless Congress has expressed a waiver of immunity. Furthermore, the waiver must clearly extend to the state courts for Gonzalez to maintain her suit in the Superior Court.
*619 The only two relevant statutes involving immunity and jurisdiction for suits against the Secretary are the NHA and the Administrative Procedure Act (APA). First, Section 1702 of the NHA, in relevant part, provides:
The Secretary shall, in carrying out the provisions of this subchapter and subchapters II, III, V, VI, VII, VIII, IX-B, and X of this chapter, be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal.

[12 U.S.C. § 1702].
This "sue and be sued" provision was added to the NHA by amendment dated August 23, 1935 and has been interpreted as a valid waiver of immunity. See Federal Hous. Admin. v. Burr, 309 U.S. 242, 244, 60 S.Ct. 488, 490, 84 L.Ed. 724, 728 (1940); Federal Nat'l Mortgage Ass'n v. LeCrone, 868 F.2d 190, 193 (6th Cir.), cert. denied, 493 U.S. 938, 110 S.Ct. 335, 107 L.Ed.2d 324 (1989); Selden Apartments v. United States Dep't of Hous. and Urban Dev., 785 F.2d 152, 156 (6th Cir.1986); Armor Elevator Co., Inc. v. Phoenix Urban Corp., 493 F. Supp. 876, 883 (D.Mass. 1980), aff'd, 655 F.2d 19 (1st Cir.1981); United States v. American Nat'l Bank and Trust Co. of Chicago, 443 F. Supp. 167, 170 (N.D.Ill. 1977).
Although the NHA waives immunity for suits against the Secretary, there is no provision in the statute setting forth the procedures to be followed for judicial review of decisions of the Secretary. Consequently, applicants who wish to appeal the Secretary's denial of temporary mortgage assistance payments must bring suit under the APA. The APA is a general statute designed to provide judicial review of agency decisions in a broad spectrum of administrative actions. See Califano v. Sanders, 430 U.S. 99, 104, 97 S.Ct. 980, 983, 51 L.Ed.2d 192, 199 (1977). Section 702 of the APA sets forth the standards for judicial review:
Right of review
A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of *620 legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought. [5 U.S.C. § 702 (first emphasis added)].
The second sentence of this provision, which was added to the statute by amendment dated October 21, 1976, has been interpreted as a valid limited waiver of immunity in federal courts. See Ensign Financial Corp. v. Federal Deposit Ins. Corp., 785 F. Supp. 391, 398-99 (S.D.N.Y. 1992), reh'g granted, 1993 WL 56775 (1993); The Presbyterian Church (U.S.A.) v. United States, 870 F.2d 518, 524 (9th Cir.1989); Hill v. United States, 571 F.2d 1098, 1102 (9th Cir.1978). Section 702 is clearly not, however, a waiver of immunity in state court. See Kozera v. Spirito, 723 F.2d 1003, 1011 n. 7 (1st Cir.1983); Aminoil U.S.A., Inc. v. California State Water Resources Control Bd., 674 F.2d 1227, 1233 (9th Cir.1982); First Jersey Sec., Inc. v. S.E.C., 194 N.J. Super. 284, 295, 476 A.2d 861 (App.Div. 1984), appeal dismissed, 101 N.J. 208, 501 A.2d 893 (1985). The legislative history of Section 702 confirms the validity of this interpretation:
The first of the additional sentences provides that claims challenging official action or nonaction, and seeking relief other than money damages, should not be barred by sovereign immunity. The explicit exclusion of monetary relief makes it clear that sovereign immunity is abolished only in actions for specific relief (injunction, declaratory judgment, mandatory relief, etc.). Thus, limitations on the recovery of money damages contained in the Federal Tort Claims Act, the Tucker Act, or similar statutes are unaffected. The consent to suit is also limited to claims in courts of the United States; hence, the United States remains immune from suit in state courts. [H.R.Rep. No. 94-1656, 94th Cong., 2d Sess. 11 (1976), reprinted in 1976 U.S.C.C.A.N. 6121, 6131 (emphasis added)].
As we view the matter, the pivotal issue in this case is which waiver of immunity provision applies to APA actions against the Secretary: Section 1702 of the NHA or Section 702 of the APA. The Secretary argues that the terms of Section 1702's "sue and be *621 sued" clause should not prevail over the terms of the immunity waiver contained in Section 702 of the APA, and that allowing the Secretary to be sued under the APA in state court would be "inconsistent with the scheme of the APA." The Secretary essentially relies on a Sixth Circuit decision resolving this same issue in Federal National Mortgage Association v. LeCrone, supra, 868 F.2d 190.
The facts in Federal National Mortgage Association v. LeCrone, supra, are similar to this matter. Robert E. LeCrone (LeCrone) defaulted on a loan and the Federal National Mortgage Association (FNMA) brought suit for foreclosure. LeCrone filed a third-party complaint against the Secretary under the APA and the Secretary in turn successfully removed the entire case to federal district court. Summary judgment was granted in favor of FNMA as well as the Secretary and LeCrone appealed. The Court of Appeals for the Sixth Circuit did not reach the merits of the case, holding that the case was improperly removed from state court and, therefore, dismissed it for want of subject matter jurisdiction.
The LeCrone Court began by observing that a "federal court's exercise of jurisdiction upon removal is derivative  if the state court from whence the action is removed had no jurisdiction then the federal court `receives' none even if original jurisdiction in the federal court would have been proper." Id. at 192 (citing Lambert Run Coal Co. v. Baltimore & Ohio Ry., 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922)). The LeCrone Court concluded that state courts do not have subject matter jurisdiction over APA claims because Congress intended such claims to fall within the exclusive jurisdiction of the federal courts. Id. at 192-93. The court recognized the presumption that state courts have concurrent jurisdiction with the federal courts. Id. at 192 (citing Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 477-78, 101 S.Ct. 2870, 2874-75, 69 L.Ed.2d 784, 791 (1981)). The court emphasized, however, that Congress may choose to grant exclusive jurisdiction in the federal courts either expressly or implicitly "by an explicit *622 statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests." Id. at 192-93 (quoting Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 478, 101 S.Ct. 2870, 2875, 69 L.Ed.2d 784, 791 (1981)).
The LeCrone Court held that "[a]lthough Congress did not explicitly grant federal courts exclusive jurisdiction to entertain APA suits, ... Congress implicitly confined jurisdiction to the federal courts when it limited the waiver of sovereign immunity contained in Section 702 of the Act to claims brought `in a court of the United States,'" in part reasoning:
If Congress had intended the state courts to be proper fora for suits seeking judicial review under the APA Congress would have waived sovereign immunity for suits in state courts as well. By refusing to waive sovereign immunity for APA actions in the state courts Congress has implicitly vested exclusive jurisdiction over these actions in the federal courts. [Id. at 193].
In other words, the LeCrone court essentially found that because Congress did not affirmatively grant immunity for APA claims in state court, Congress, by negative implication, intended to grant exclusive jurisdiction over these claims in the federal courts. The LeCrone court further held that the waiver contained in Section 702 governs all actions for review of decisions of the Secretary under the APA, explaining:
LeCrone argues that the waiver of sovereign immunity for suits in state court against HUD contained in 12 U.S.C. § 1702 allows him to bring suit against HUD in this instance. While section 1702 generally permits suits against HUD, section 1702 does not negate Congress' explicit refusal to waive sovereign immunity for state-court suits based upon violations of the APA. LeCrone may not bring HUD into state court on the basis of an APA claim and then attempt to circumvent section 702's limited waiver of sovereign immunity by relying upon the waiver contained in 12 U.S.C. § 1702.
[Federal Nat'l Mortgage Ass'n v. LeCrone, supra, 868 F.2d at 193 (emphasis added)].
Application of the fundamentally sound principles of sovereign immunity discussed above compels the conclusion that the Superior Court lacked subject matter jurisdiction over the third-party claims asserted by Gonzalez against the Secretary because the Secretary is immune from APA suits in state courts. Our *623 decision is consistent with and supported by the holding in the LeCrone case. Although Gonzalez seeks relief under the NHA, her suit appears to be a claim for judicial review of an allegedly "arbitrary, capricious, ... abuse of discretion" of the Secretary. See 5 U.S.C. § 706. To apply the waiver provision of Section 1702 of the NHA would be to undermine Congress' clear intent to hold federal administrative agencies answerable for their conduct only in federal courts. Indeed, the legislative history of the APA states "the United States remains immune from suit in state courts." H.R.Rep. No. 94-1656, 94th Cong., 2d Sess. 11 (1976), reprinted in 1976 U.S.C.C.A.N. 6121, 6131. Furthermore, the policy of strictly construing waivers of immunity in favor of the sovereign would be served by following Section 702, which waives immunity in the federal courts only.
We need not address the issue of whether federal courts have "exclusive jurisdiction" over APA claims because Congress has clearly not waived the sovereign immunity of the Secretary in state court. "Where the United States has not waived immunity, the court lacks subject matter jurisdiction over the action," United States v. Berk & Berk, 767 F. Supp. 593, 600 (D.N.J. 1991), and need not address other jurisdictional questions, see J.C. Driskill, Inc. v. Abdnor, supra, 901 F.2d at 385 n. 4.
Finally, contrary to Gonzalez's contention, Section 703 of the APA, when read in conjunction with Section 702, does not effectively waive immunity over APA claims in state courts. Section 703 of the APA provides:
The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement. [5 U.S.C. § 703 (emphasis added)].
The purpose of Section 703 is "to simplify and make more flexible the avenues to judicial relief." Kristensen v. McGrath, *624 179 F.2d 796, 800 (D.C. Cir.1949), aff'd, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173 (1950). This section does not operate to waive sovereign immunity, nor does it independently establish jurisdiction in the federal courts. Hamby v. Holcombe, supra, 630 F. Supp. at 200 n. 3; St. Louis Univ. v. Blue Cross Hosp. Serv. Inc., 393 F. Supp. 367, 370 (E.D.Mo. 1975), aff'd in part and modified in part on other grounds, 537 F.2d 283 (8th Cir.), cert. denied, 429 U.S. 977, 97 S.Ct. 484, 50 L.Ed.2d 584 (1976).
Gonzalez argues that because Congress referred to the reviewing court in Section 703 as "a court of competent jurisdiction" without specifying a federal court, state courts should be deemed courts of competent jurisdiction under the APA. Gonzalez asserts that "Congress would have been more specific about declaring that only federal courts could have jurisdiction" if that is what it intended. We disagree. In First Jersey Securities, Inc. v. S.E.C., supra, 194 N.J. Super. at 295, 476 A.2d 861, we were confronted with the question of whether New Jersey state courts had jurisdiction over claims against the Securities and Exchange Commission. Plaintiffs argued that Section 702 and Section 703 of the APA, when read together, operated as a waiver of immunity in state court because the Superior Court is a "court of competent jurisdiction." Id. at 295-96, 476 A.2d 861. We did not resolve this issue, however, because Section 703 allows judicial review of an agency action only in the absence or inadequacy of a "special statutory review proceeding." Id. at 296, 476 A.2d 861. Because such a statutory review proceeding was available under 15 U.S.C. § 78y(a), we concluded that there was "no basis for a state court as a `court of competent jurisdiction'" and immunity was not waived. Ibid.
Most courts follow the sound principle of statutory construction that individual statutes comprising a chapter are to be construed consistently with each other. See, e.g., Electrical and Magneto Serv. Co. Inc. v. AMBAC Int'l Corp., 941 F.2d 660, 662 (8th Cir.1991); Anderson v. Federal Deposit Ins. Corp., 918 F.2d 1139, 1143 (4th Cir.1990). Where possible, two statutes must *625 be read in harmony with one another so as to give meaning to each provision. See Federal Aviation Admin. v. Robertson, 422 U.S. 255, 261, 95 S.Ct. 2140, 2145, 45 L.Ed.2d 164, 171 (1975); United States v. Caldera-Herrera, 930 F.2d 409, 411 (5th Cir.1991); Mowbray v. Kozlowski, 914 F.2d 593, 598 (4th Cir.1990); Local 478 Trucking and Allied Indus. Pension Fund v. Jayne, 778 F. Supp. 1289, 1321 (D.N.J. 1991). Thus, if Section 702 contains an explicit limited waiver of immunity in federal court only, Section 703 should be construed consistent with this provision if at all possible. The legislative history of Section 702 clearly demonstrates Congress' intent that Section 702 not operate as a waiver of immunity in state court. See H.R.Rep. No. 94-1656, 94th Cong., 2d Sess. 11 (1976), reprinted in 1976 U.S.C.C.A.N. 6121, 6131. Because Section 703 was not intended to speak to the issue of immunity, it should not be construed in such a manner as to render Section 702 ineffective. Section 702 and Section 703, when read in pari materia, do not provide a waiver of immunity for APA claims in state court.
Accordingly, the order of the Chancery Division under review is reversed and the third-party action filed by Gonzalez against the Secretary is dismissed for lack of subject matter jurisdiction.